FILED

MAY 12 2022

*Matthew Thel*
CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
### WESTERN DIVISION

| | |
|---|---|
| MANETIRONY CLERVRAIN, | 5:22-CV-05037-CBK |
| Plaintiff, | |
| vs. | ORDER |
| STEPHEN A. BOYER, Executive Assistant Commissioners U.S. Custom Border, in his individual and official capacities; PETE FLORES, JOSH HAEDER, South Dakota Department of Treasury, in his individual and official capacities; MARCIA HULTMAN, Department Secretary of the South Dakota Department of Labor, in her individual and official capacities; CAROLYN H. BYRD, Chairman and Chief Executive Officer of Regions Bank, in her individual and official capacities; DON DEFOSSET, SAMUEL A. DI PIAZZAJR., ZHANNA GOLODRYGA, JOHN D. JOHNS, JOIA M. JOHNSON, RUTH ANN MARSHALL, CHARLES D. MCCRARY, JAMES T. PROKOPANKO, LEE J STYSLINGERIII, JOSE S. SUQUET, JOHN M. TURNER, TIMOTHY VINES, STEPHEN MISH, | |
| Defendants. | |

Plaintiff filed a complaint for violation of his civil rights. He has moved to proceed *in forma pauperis* without the prepayment of the filing fee.

28 U.S.C. § 1915(a)(1) authorizes district courts to allow civil litigants to commence suit without the prepayment of the filing fee. However, other than in criminal cases, "[a]n *in forma pauperis* litigant's access to the courts is a matter of privilege, not

of right, and should not be used to abuse the process of the courts." Williams v.
McKenzie, 834 F.2d 152, 154 (8th Cir. 1987).

        In an effort to curb the flood of non-meritorious claims filed by prisoners,
Congress passed the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71,
to "filter out the bad claims and facilitate consideration of the good." Jones v. Bock, 549
U.S. 199, 203-04, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007).  The PLRA introduced a
three-strikes rule which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a
> civil action or proceeding under this section if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility, brought
> an action or appeal in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim upon which
> relief may be granted, unless the prisoner is under imminent danger of
> serious physical injury.

28 U.S.C. § 1915(g).  "In other words, for most three strikers, all future filing fees
become payable in full upfront." Bruce v. Samuels, 577 U.S. 82, 86, 136 S.Ct. 627, 630,
193 L.Ed.2d 496 (2016).

        Plaintiff has had 320 federal cases pending in the United States Courts.
https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=9d597398b8004255848e5
2f42563a69b, visited April 22, 2022.  Three of those cases were 2011 criminal cases
from the Southern District of Florida.  Sixteen of those cases were petitions for a writ of
habeas corpus.  The remaining 301 cases are all civil cases.  All but two cases were filed
in the last five years.  Over 140 cases have been filed by plaintiff in the last year.
Plaintiff has filed cases in the federal district courts of all fifty states, as well as the
federal district courts for Guam, the District of Columbia, and the Court of Claims.  He
has filed appeals in all thirteen federal circuit courts of appeals.  He attempted to transfer
eighteen of his civil cases to the Judicial Panel for Multidistrict Litigation.

        Plaintiff is a restricted filer for his vexatious and excessive frivolous litigation in
the Southern District of Indiana, 1:2021cv03078.  While he was a federal prisoner, he
became a barred filer.  A cursory review of the public federal court records involving
plaintiff show that, after he was released from federal custody in August, 2019, he was

2

detained by the Department of Homeland Security pending deportation proceedings. It appears from his return address that he is no longer in custody. *See* Clervrain v. Pritzer, E.D. OK No. 3:20-CV-477-RAW, Doc. 9, (September 27, 2021).

While plaintiff was incarcerated, he became subject to the three-strikes rule because, on at least three occasions, he filed a civil proceeding which was dismissed as frivolous, malicious, or for failure to state a claim upon which relief could be granted. *See*, Clervrain v. Dayton, No. 19-CV-0965 (WMW/HB), 2021 WL 222934, at *2 (D. Minn. Jan. 22, 2021) (citing cases discussing plaintiff's barred status). *See also*, Clervrain v. Nielsen, No. CV 20-00603-JB-B, 2021 WL 836872, at *2 (S.D. Ala. Feb. 4, 2021), report and recommendation adopted, No. CV 20-00603-JB-B, 2021 WL 833056 (S.D. Ala. Mar. 4, 2021) (citing cases discussing plaintiff's barred status). However, the three-strikes rule does not apply to a person who is not incarcerated at the time they filed their complaint. Haley v. United States Gov't, 674 F. App'x 616 (8th Cir. 2017). Thus, plaintiff is not a barred filer as to this action.

Plaintiff filed a 31 page "motion for mitigating financial burden of IFP" which sets forth legal nonsense but does include financial information, although not attested to under oath. Plaintiff also filed a 27 page "motion for "alien status" or "pauperis status" which attacks various prior court cases involving plaintiff. Despite plaintiff's prolific nonsensical filings in this case, plaintiff has made the requisite showing under 28 U.S.C. § 1915.

The district courts are required to screen plaintiff's claims to determine whether the action

    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). I am required to give the plaintiff's *pro* se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). I have conducted an initial review as required by § 1915A.

Plaintiff lists in his caption, in addition to plaintiff, 30 additional plaintiffs. Plaintiff does not refer to the other so-called plaintiffs anywhere else in the complaint. Plaintiff lists and provides information for four defendants but lists an additional 14 more defendants in the case caption. Only two defendants are alleged to have any contacts with the District of South Dakota.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988). Plaintiff's complaint, although type-written, contains incomprehensible factual and legal assertions, cites to "Acts" which do not exist, and lacks any arguable basis in law or fact. The complaint filed in this case is similar to the many other incomprehensible complaints filed across the county. The only claim that could reasonably be discerned is plaintiff's claim that he was denied opening a credit card or bank account by "Chase" and "Wells Fargo" because of his national origin. There are no discernable allegations that the defendants named in the complaint were involved in denying plaintiff credit or that, in doing so, any named defendant was acting under color of state law.

Plaintiff has failed to allege any facts showing venue is proper in the District of South Dakota. Venue over civil actions properly resides only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If venue is improper, the Court must either dismiss the action or, in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

There is no discernable proper venue alleged in the complaint. Only two of the defendants are alleged to reside in South Dakota. Plaintiff has failed to allege how those two defendants, representatives from the South Dakota Departments of Treasury and Labor, were involved in the denial of any federal statutory or constitutional right. It appears plaintiff randomly selected two South Dakota officials as a ruse to make it appear venue was proper in South Dakota. The interests of justice do not require transfer to another district.

This case is properly dismissed under § 1915 as to all other defendants because there is no basis for this court to exercise personal jurisdiction over those defendants. Sanders v. United States, 760 F.2d 869, 871, 872 (8th Cir. 1985).

Now, therefore,

IT IS ORDERED:

1. Plaintiff's applications, Docs. 2 and 3, to proceed *in forma pauperis*, are granted.

2. Plaintiff's complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted.

3. Plaintiff's motions, Doc. 4, for "humanitarian reasons," Doc. 5, for "Manifest Injustice Act or Electronic Filing Act," and Doc. 6, for "settlement agreement against secretive criminals," are denied as moot.

IT IS CERTIFIED pursuant to Fed. R. App. P. 24(a)(3)(A) and 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore plaintiff is not entitled to proceed *in forma pauperis* on appeal.

DATED this 5th day of May, 2022.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge